# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TC HULETT, JR                          )
                                       )
              Plaintiff,               )
                                       )
v.                                     )     Case No. 5:22-cv-04065-DDC-KGG
                                       )
JOHNSON COUNTY SHERIFF'S               )
OFFICE, *et al.*,                      )
                                       )
              Defendants.              )
_____)

## MEMORANDUM & ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT & RECOMMENDATION FOR DISMISSAL IN PART

In conjunction with his federal court Complaint (Doc. 1), Plaintiff TC Hulett, Jr. has also filed a Motion to Proceed Without Prepayment of Fees ("*In Forma Pauperis* application," Doc. 3, sealed) with a supporting financial affidavit (Doc No. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the *Informa Pauperis* application (Doc. 3) and **RECOMMENDS** Plaintiff's claims be **dismissed in part** for failure to state a viable federal cause of action.

## A. Motion to Proceed *In Forma Pauperis*.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, *etc*., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right— fundamental or otherwise.'" *Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.

1998)). The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court. *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-cv-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 38 and single (Doc No. 3-1, sealed, at 1). He also indicates he is homeless, unemployed, and has no income or savings. He lists no financial responsibilities such as rent or typical household expenses. Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis.* (Doc. 3, sealed).

## B. Sufficiency of Complaint and Recommendation for Dismissal-In-Part.

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff

2

is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *Kay*, 500 F.3d at 1217–18. In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Garcia Dominguez v. Mahaffey*, 17 F. App'x 827, 828 (10th Cir. 2001) ("Although we construe [plaintiff's] complaint liberally because he is proceeding *pro se*, we will not act as his advocate."). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *and Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible— rather than merely conceivable—on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 550 U.S. at 570). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555).

While a complaint generally need not plead detailed facts, *see* Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, the Court finds that he has failed to state a claim upon which relief may be

4

granted against some of the Defendants, and the Court is compelled to recommend that certain Defendants be dismissed.

Much of the Plaintiff's *pro se* Complaint is incomprehensible. The Complaint is presented on the Court's form provided for this purpose, as well as some attachments the Plaintiff included. The form identifies as Defendants Johnson County Sheriff's Office (on the caption on page one), then—in the body of the form—Penny Postoak Ferguson, in her official capacity (identified in the attachments as County Manager) employed at Johnson County, Kansas, Chief Dale Reed, in his official capacity, and Chief Calvin Hayden (actually Sherriff), in his official capacity. However, the attachments name numerous other individuals, who are not specifically identified as defendants, and complain about their conduct. However the allegations are too generally described and confusing to determine whether these persons are intended defendants or the exact claims against them. The Court is not interpreting the attachments as adding defendants not named on the Court's form to the lawsuit.

The primary Complaint identifies an action for False Arrest, Inadequate Medical Care and Excessive Force. The attachments identify potential federal causes of action based on these claims, including 18 U.S.C. § 1983, which, if generously read, the Complaint may support. However, the Court does not read a viable cause of action as to Johnson County Manager Penny Postoak Ferguson, in her official capacity. The County Manager is listed as a named Defendant; however, the factual allegations are insufficient and do not state a cause of action upon which relief may be granted.

Service of process is authorized for Defendants The Johnson County Sheriff's Office, Sheriff Calvin Hayden, in his official capacity, and Chief Dale Reed, in his official capacity. Out of an abundance of caution, the undersigned Magistrate Judge **RECOMMENDS** to the District Judge that claims against all other persons named in the attachments to the Complaint be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *In Forma Pauperis* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED IN PART** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case except for the Defendants The Johnson County Sheriff's Office, Sheriff Calvin Hayden, in his official capacity, and Chief Dale Reed, in his official capacity.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 12th day of December 2022.

/S KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge