IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TC HULETT, JR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHNSON COUNTY SHERIFF'S OFFICE, et al.,**<br><br>**Defendants.** | Case No. 22-4065-DDC-KGG |

## MEMORANDUM AND ORDER

Pro se plaintiff TC Hulett, Jr.[1] filed this lawsuit against the Johnson County Sheriff's Office; Penny Postoak Ferguson, in her official capacity as County Manager of Johnson County, Kansas; Dale Reed, in his official capacity as Johnson County Sheriff's Office Detention Bureau Chief; and Calvin Hayden, in his official capacity as Sheriff of Johnson County. Doc. 1. Plaintiff asserts claims under 42 U.S.C. §§ 1981 and 1983, alleging false arrest, excessive force, and inadequate medical care of an inmate. *Id.* at 3. With his Complaint, plaintiff also filed a Motion for Leave to Proceed in forma pauperis. Doc. 3. On December 12, 2022, Magistrate Judge Kenneth G. Gale issued a Memorandum & Order Granting Motion to Proceed Without Prepayment of Fees and Report & Recommendation for Dismissal in Part. Doc. 4. Judge Gale's Order granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915. *Id.* at 1–2. Then, Judge Gale screened plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* at 2–5.

---

[1] Because plaintiff proceeds pro se, the court construes his filing liberally and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After screening, Judge Gale concluded that the allegations against "numerous other individuals, who are not specifically identified as defendants," but listed in plaintiff's attachment to the complaint form "are too generally described and confusing to determine whether these persons are intended defendants or the exact claims against them." *Id.* at 5.  Judge Gale also concluded that plaintiff failed to plead "a viable cause of action [against] Johnson County Manager Penny Postoak Ferguson, in her official capacity." *Id.*  In contrast, Judge Gale determined that a generous reading of plaintiff's Complaint supports a plausible claim against defendants Reed, Hayden, and the Johnson County Sheriff's Office, and he authorized service of process for those three defendants. *Id.* at 5–6.  For these reasons, Judge Gale recommended this court dismiss claims against defendant Ferguson and all other persons named in plaintiff's attachments to the Complaint because plaintiff had failed to state a claim against them under 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at 6.

Judge Gale's Order explained that plaintiff "shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations . . . ." *Id.*  Also, the Order warned plaintiff that "failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition." *Id.*

The Clerk of the Court mailed a copy of Judge Gale's Report and Recommendation to plaintiff by certified mail.  *See* Docket Entry for Doc. 5 (noting that Order was "[m]ailed to pro se party TC Hulett, Jr by certified mail; Certified Tracking Number: 7019 0700 0000 5927 4926").  On December 19, the Clerk received a certified mail receipt showing the United States Post Office had completed the certified mail delivery to the address of record that plaintiff had

provided to the court on December 15, 2022.  Doc. 6.  On December 23, the Clerk received a letter from Dear Neighbor Ministries.[2]  Doc. 7.  It explained that it had received mail addressed to plaintiff at the address plaintiff had provided to the court.  *Id.* at 1.  Also, it asserted that "Mr. Hulett has never lived or held residence at this address."  *Id.*  The sender attached several pieces of correspondence from our court addressed to plaintiff.[3]

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).  "Mailing" occurred on December 12, 2022, when the Clerk mailed by certified mail the Report and Recommendation to plaintiff at his last known address of record.[4]  The time for plaintiff to file an Objection to the Report and Recommendation thus expired on December 26, 2022.

Because plaintiff has filed no objection to the Report and Recommendation within the time prescribed, and because he has sought no extension of time to file an objection, the court can accept, adopt, and affirm the Report and Recommendation in its entirety.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

---

[2]   Plaintiff's Affidavit of Financial Status, attached to his Motion to Proceed in forma pauperis, provides his address of record at 1329 S. Bluffview in Wichita, Kansas.  Doc. 3-1 at 1.  This is the address for Dear Neighbor Ministries and, according to its submission, Mr. Hulett never has resided there.

[3]   The items returned by Dear Neighbor Ministries included the ECF notice of Judge Gale's Order and notice from the Clerk for plaintiff to provide redacted forms that don't include personal information violating the court's privacy policy.

[4]   Based on the letter from Dear Neighbor Ministries, it appears that the last known address plaintiff provided to the court isn't his correct address.  Separately, the court will issue an Order to Show Cause for plaintiff to correct his address.

Also, the court has reviewed Judge Gale's Report and Recommendation. The court agrees with all his conclusions. Plaintiff's Complaint, even when given the most liberal construction, fails to state a plausible claim for relief against defendant Ferguson and the other persons named in the attachments to the Complaint. The court thus adopts Judge Gale's recommendation that the district court dismiss all claims against defendant Ferguson and all other persons named in the Complaint attachments under 28 U.S.C. § 1915(e)(2)(B)(ii) because the Complaint fails to state a claim on which relief may be granted.

Consistent with Judge Gale's screening of plaintiff's Complaint, his claims against defendants Johnson County Sheriff's Office, Sheriff Calvin Hayden (in his official capacity), and Detention Bureau Chief Dale Reed (in his official capacity) will proceed.

**IT IS THEREFORE ORDERED BY THE COURT THAT**, after reviewing the file de novo, the Report and Recommendation issued by United States Magistrate Judge Kenneth G. Gale on December 12, 2022 (Doc. 5) is **ACCEPTED, ADOPTED, and AFFIRMED**. The court dismisses plaintiff's Complaint in part. Specifically, the court dismisses the claims against all parties and persons except defendants Reed, Hayden, and Johnson County Sheriff's Office under 28 U.S.C. § 1915(e)(2)(B)(ii) but without prejudice.

**IT IS SO ORDERED.**

**Dated this 11th day of January, 2023, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**