## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TC HULETT, JR.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-4065-DDC-KGG** |
| **JOHNSON COUNTY SHERIFF'S OFFICE, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Pro se plaintiff TC Hulett, Jr.[1] filed his Complaint (Doc. 1) in this case on November 23, 2022. Plaintiff's Complaint asserts that he is homeless. *Id.* at 5. The court mailed all correspondence to the address listed in plaintiff's Affidavit of Financial Status, attached to his Motion to Proceed in forma pauperis. Doc. 3-1 at 1. The recipient and United States Postal Service returned all mail addressed to plaintiff to the court. *See* Docs. 7, 10, 11.

On January 11, 2023, the court issued an Order to Show Cause (Doc. 8) requiring plaintiff to comply with D. Kan. Rule 5.1(b)(1) and provide the court with a current address on or before January 31, 2023. Plaintiff failed to comply, and on February 6, 2023, the court issued an Order of Dismissal (Doc. 12). Two days later, plaintiff submitted a communication asking the court to reopen his case (Doc. 13). And the court, in its discretion, elects to treat this communication as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).

---

[1]    Because plaintiff proceeds pro se, the court construes his filing liberally and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.      Legal Standard

Fed. R. Civ. P. 60(b) states that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding[.]"  Rule 60(b) lists six conditions upon which the court may grant that relief:  (1) due to mistake, inadvertence, surprise, or excusable neglect; (2) when a party discovers new evidence; (3) because of an opposing party's fraud, misrepresentation, or misconduct; (4) when a judgment is void; (5) when a judgment is satisfied, vacated, or no longer equitable; or (6) for "any other reason that justifies relief." *Id.*  For the court to consider a Rule 60(b) motion, the party must make that motion "within a reasonable time" after the court enters its order or judgment.  Fed. R. Civ. P. 60(c)(1).

The Tenth Circuit has recognized that Rule 60(b) provides the court a "grand reservoir of equitable power to do justice[.]"  *Compañía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 446 (10th Cir. 2023) (quotation cleaned up).  Since "every Rule 60(b) motion by definition seeks 'equitable relief' from the court, a court may consider whether the moving party has acted equitably." *Id.* (quotation cleaned up).  But granting relief "under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation cleaned up).

## II.     Discussion

Before deciding the merits of plaintiff's motion, the court first addresses whether the case meets the finality and timeliness requirements of Fed. R. Civ. P. 60.  Then, the court determines whether granting plaintiff's motion is "'necessary to accomplish justice.'"  *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

Here, the court's Order of Dismissal counts as a final judgment for purposes of Rule 60(b). In the Tenth Circuit, whether an order of dismissal qualifies as final "generally depends on whether the district court dismissed the *complaint* or the *action*." *Moya v. Schollenbarger*, 465 F.3d 444, 448–49 (10th Cir. 2006) (quotation cleaned up). A court dismissing an action qualifies as final, while dismissing a complaint does not. *Id.* at 449. When the court issued its Order, it dismissed the entirety of plaintiff's action. *See* Doc. 12 at 2. Thus, that Order was a final order, and the court may consider relief from that Order under Fed. R. Civ. P. 60(b).

Also, plaintiff filed his motion only two days after the court issued its Order of Dismissal. Fed. R. Civ. P. 60(c)(1) doesn't provide what a "reasonable time" means, other than requiring parties to file motions made under Rule 60(b)(1)–(3) within a year of the final order, judgment, or proceeding. The timeliness requirement of Rule 60(b) allows courts "to forestall abusive litigation by denying [Rule 60(b)] motions alleging errors that should have been raised sooner[.]" *Kemp v. United States*, 142 S. Ct. 1856, 1864 (2022). Here, a lapse of two days before plaintiff filed his motion doesn't raise the "specter of litigation gamesmanship and strategic delay" that the rule seeks to prevent. *Id.* Thus, plaintiff filed his motion within a reasonable time under Rule 60(c)(1).

When considering whether to grant plaintiff relief, only Rule 60(b)'s sixth condition applies, which our Circuit has labeled "a catchall provision[.]" *Davis*, 507 F.3d at 1248. This catchall provision applies "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 142 S. Ct. at 1861 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). But even in those cases, reopening a case requires "extraordinary circumstances" to justify it. *Id.* (quotation cleaned up).

The court holds that plaintiff meets those extraordinary circumstances.  Plaintiff states that he wasn't added to the court's electronic filing system and never received letters from the court until the week before he filed the current motion.  Doc. 13.  He also explains that he wasn't reachable at the address where the court sent its correspondence "due to trying to get help to recover from injuries that are life-altering."  *Id.*  Other federal district courts have held that homelessness doesn't excuse a party from maintaining a means for timely communication with the court or providing current address information.  *See Little v. Doe*, No. C08-0371-JCC-JPD, 2008 WL 5378313, at *1 (W.D. Wash. Dec. 22, 2008); *see also Harding v. Fort Wayne Foundry/Pontiac Div. Inc.*, 919 F. Supp. 1223, 1229 (N.D. Ind. 1996) (denying equitable tolling to Title VII claim because plaintiff's failure to provide EEOC with his correct address wasn't excusable neglect even though plaintiff was homeless for a period).  But our Circuit has also allowed homeless parties some flexibility on other "firm" rules because of their inability to receive mail.  *See Stone v. Jefferson Cnty. Det. Facility*, 838 F. App'x 348, 350 (10th Cir. 2020) (excusing the "firm waiver rule" because appellant "had no address to receive mail" and "did not receive the magistrate's report through no fault of his own" (quotation cleaned up)).  The combination of this pro se plaintiff's injury and homelessness prompts the court to follow our Circuit's lead on flexibility in these circumstances, ones not typically considered by the scope of the rules.

Finally, in its Order of Dismissal, the court dismissed the case "without prejudice, so plaintiff may reassert these claims, subject to the statute of limitations or other defenses."  Doc. 12 at 2.  This means plaintiff has a remedy other than his Rule 60(b)(6) motion to seek relief—he could refile his action with the court.  But when the court dismissed this case, plaintiff hadn't provided the Clerk with summons to serve upon defendants, so no defendants in the case had

4

received notice of the action.  Thus, granting plaintiff's motion would put parties in essentially the same position as they would occupy if plaintiff merely refiled his Complaint.  And granting the motion doesn't prejudice defendants who haven't received service yet.  So, in the interests of both justice and judicial efficiency, the court grants plaintiff's motion.

## III.    Conclusion

Because of plaintiff's injury and the surrounding extraordinary circumstances, and because plaintiff filed his motion so soon after dismissal, the court concludes it has reason to justify relief under Fed. R. Civ. P. 60(b)(6) and reopen plaintiff's case.

But plaintiff still must comply with D. Kan. Rule 5.1(b)(1) and needs to provide the court with an address where it can communicate with him.  Also, plaintiff must prepare and submit summons to the Clerk for service upon defendants, as Magistrate Judge Kenneth G. Gale ordered when he granted plaintiff's Motion to Proceed in forma pauperis.  *See* Docket Entry for Doc. 4. Should he fail to discharge these responsibilities, he will face dismissal again.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Relief from Judgment (Doc. 13) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff is granted **until and including February 27, 2023**, in which to provide the Clerk, in writing, with his current mailing address.  The failure to do so may result in the dismissal of this matter without additional notice to plaintiff.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff is granted **until and including March 6, 2023**, in which to prepare and submit summons to the Clerk for service. The failure to do so will result in the dismissal of this matter for failure to prosecute the case.

**IT IS SO ORDERED.**

Dated this 13th day of February, 2023, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge