IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TC HULETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-cv-04065-DDC-KGG |
| | ) |
| JOHNSON COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER ON MOTION and REPORT & RECOMMENDATION FOR DISMISSAL**

Plaintiff filed a "motion for extension of time to revise amended complaint" on May 25, 2023. For the reasons set forth herein, Plaintiff's motion for extension of time to revise his complaint (Doc. 23) is **DENIED**. The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute the case and comply with Court orders.

**BACKGROUND**

Pro se Plaintiff TC Hulett, Jr. filed his Complaint (Doc. 1) on November 23, 2022. Along with his Complaint, Plaintiff also filed a motion to proceed without prepayment of fees which was subsequently granted. (Doc. 4.) The undersigned Magistrate Judge recommended to the District Judge that some Defendants be dismissed for failure to state a cause of action. The District Judge adopted the report and recommendations. (Doc. 9.)

The Court has been unable to contact Plaintiff, who asserts he is homeless. As a result, the District Judge entered an Order to Show Cause on January 11, 2023, requiring

1

Plaintiff to provide the Clerk with his current address. Plaintiff failed to comply with the order to show cause and the case was dismissed. (Doc. 12.) Two days later, Plaintiff filed to reopen the case. (Doc. 13.) The District Judge granted the motion to reopen the case due to Plaintiff's injury and surrounding extraordinary circumstances. In the Court's Order granting the motion to reopen, the Court ordered that Plaintiff has until February 27, 2023, to provide the Clerk with his current mailing address. The Court also ordered Plaintiff to prepare and submit summons to the Clerk for service by March 6, 2023.

While Plaintiff did provide the Court with the address of a homeless shelter in Kansas City and an e-mail address, Plaintiff has been unresponsive to the order. (Doc. 14.) Plaintiff failed to provide a current mailing address to the Clerk and has not prepared and submitted summons to the Clerk for service. Rather, Plaintiff filed a motion for leave to amend the complaint on April 15, 2023—well past the Court's set deadlines. (Doc. 20.) The motion to amend was not compliant with the local rules and was denied without prejudice. (Doc. 21.)

On April 26, 2023, the Court ordered Plaintiff to show cause (Doc. 22) in writing by May 12, 2023, as to why the undersigned Magistrate Judge should not recommend that his claims be dismissed pursuant to Rule 41(b) for failure to prosecute the case and failure to comply with Court Orders. Instead of responding to the Order, Plaintiff filed the present motion for extension of time to revise amended complaint on May 25, 2023. (Doc. 23.)

## **MOTION FOR EXTENSION**

Plaintiff's motion to amend his complaint, filed on April 15, 2023, was not compliant with D. Kan. Local Rule 15.1. The Rule states that a party filing a motion to

amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan. Rule 7.1.  In his submission to the Court (Doc. 20), Plaintiff has not set forth a concise statement of the amendment he seeks.  He failed to attach a draft of the proposed Amended Complaint.  Plaintiff was also instructed to review Local Rule 7.1.

Plaintiff then filed the current motion on May 25, 2023, while not responding to the Court's Order to show cause.  Plaintiff claims he was injured and hospitalized on November 4th, 2022, and due to that injury needs more time to fill out forms.  (Doc. 23.)  According to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend the time of an act if the party's failure to comply with the specified time is because of excusable neglect.  The Court does not find excusable neglect.  The incident happened almost six months ago with no updates or any responsiveness to Court orders.  Plaintiff has made multiple motions since the injury, proving his capability.  Therefore, the Court **DENIES** Plaintiff's motion for extension of time to revise amended complaint.

### REPORT & RECOMMENDATION FOR DISMISSAL

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if the Plaintiff fails to prosecute or fails to comply with court orders.  ***Olsen v. Mapes***, 333 F.3d 1199, 1204 (10th Cir. 2003).  Dismissal under this rule generally acts as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  A district court may dismiss an action pursuant to the *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2)

the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." ***Olsen v. Mapes***, 333 F.3d 1199, 1204 (10th Cir. 2003) (citations omitted).

This case is now six months old, and no current mailing address has been provided and no Defendants have been served. Plaintiff has been completely unresponsive to the Court's directives. Moreover, Plaintiff has repeatedly failed to comply with the Court's Orders, with the last Order requiring Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend dismissal. This would be the second time the case has been dismissed. Plaintiff's non-compliance, failure to provide a current mailing address, and failure to respond has interfered with the judicial process and prejudiced the Defendants.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute the case and failure to comply with the Court's Orders.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such

written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED.**

Dated at Wichita, Kansas this 7th day of July 2023.

s/ K<small>ENNETH</small> G. G<small>ALE</small>
KENNETH G. GALE
United States Magistrate Judge
