IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TC HULETT, JR.,

    Plaintiff,

v.

JOHNSON COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.

Case No. 22-4065-DDC-BGS

## MEMORANDUM AND ORDER

This matter comes before the court on Magistrate Judge Kenneth G. Gale's Report and Recommendation (Doc. 24) about pro se[1] plaintiff TC Hulett, Jr.'s Complaint (Doc. 1). Judge Gale has recommended that the district court dismiss this case because plaintiff has failed to comply with court orders. Plaintiff didn't object to Judge Gale's recommendation. As explained below, the court adopts Judge Gale's Report and Recommendation and dismisses this case without prejudice.

Plaintiff also has filed a Motion to Disqualify (Doc. 27). For reasons explained below, the court denies the motion.

**I.   Background**

Since plaintiff filed this case, the court has struggled to contact him. On February 6, 2023, the court dismissed the case because plaintiff failed to provide the court with his address. Doc. 12. On February 8, 2023, plaintiff asked to reopen the case, asserting that he is homeless

---

[1] Plaintiff proceeds pro se. The court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

and injured, and he asked the court to add him to the electronic filing system. Doc. 13. On February 13, 2023, the court, finding extraordinary circumstances, granted plaintiff's request to reopen the case. Doc. 14.

When it reopened the case, the court gave plaintiff until February 27, 2023, to provide the Clerk with his current mailing address. *Id.* at 5. The court explained that if plaintiff failed to comply, the court might dismiss the case. *Id.* The court also gave plaintiff until March 6, 2023, to prepare summons for the Clerk to serve on defendants. *Id.* The court explained that failure to prepare and submit the summons to the Clerk "will result in the dismissal of this matter for failure to prosecute the case." *Id.*

Plaintiff failed to comply.

## II.     Report and Recommendation

On April 26, 2023, Judge Gale ordered plaintiff to explain, by May 12, 2023, why Judge Gale should not recommend dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute this action and failure to comply with court orders. Doc. 22. Plaintiff responded on May 25, 2023, with a motion for an extension of time to amend his Complaint. Doc. 23. In a Memorandum and Order filed July 7, 2023, Judge Gale denied the motion for an extension of time because plaintiff failed to follow local rules. Doc. 24 at 2–3.

Judge Gale's July 7, 2023, Memorandum and Order also recommended that the court dismiss this action under Fed. R. Civ. P. 41(b). *Id.* at 3–4. Judge Gale explained that this "case is now six months old, and no current mailing address has been provided and no Defendants have been served." *Id.* at 4. Judge Gale also noted that plaintiff "has repeatedly failed to comply with the Court's Orders[.]" *Id.* So, Judge Gale recommended that the district court dismiss plaintiff's Complaint for a second time, "for failure to prosecute the case and failure to comply with the Court's Orders[.]" *Id.*

2

Plaintiff received an opportunity to dispute Judge Gale's recommendation. The Report and Recommendation explained (1) that plaintiff may file a written objection to it within 14 days after plaintiff was served with a copy, consistent with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, and (2) that if plaintiff failed to object by that deadline, then that failure "will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition." *Id.* at 4–5. The Clerk sent a copy of the Report and Recommendation to plaintiff by certified mail. Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).

Here, the Clerk's mailing of the Report and Recommendation to plaintiff on July 7, 2023, completed service. Thus, the 14 days for plaintiff to file objections to the Report and Recommendation expired on July 21, 2023. Plaintiff has not filed any objection on or before the date of this Memorandum and Order. Because plaintiff has filed no objection to the Report and Recommendation within the time prescribed and has sought no extension of time to file an objection, the court now can accept, adopt, and affirm the Report and Recommendation in its entirety. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a *de novo* determination only for those portions of the report and recommendation to which a party specifically has objected); Fed. R. Civ. P. 72 advisory committee's note (b) to 1983 amendment

3

("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

After reviewing the Report and Recommendation, the court agrees with Judge Gale's conclusion. The court thus adopts Judge Gale's recommendation that the district court dismiss plaintiff's Complaint.[2]

### III. Motion to Disqualify

Though plaintiff didn't file an objection to Judge Gale's Report and Recommendation, he did file a Motion to Disqualify (Doc. 27). Plaintiff moves to disqualify the District Judge because "his residence 'is less than 1/10 of a mile' from that of . . . material witnesses in the case." Doc. 27.

Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasions, and circumstances.'" *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.* Without an affidavit showing bias or prejudice and proper identification of events manifesting a personal and extrajudicial bias, plaintiff cannot support a request for recusal under 28 U.S.C. § 144.

Alternatively, under 28 U.S.C. § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

---

[2] This dismissal is without prejudice.

proceeding[.]" 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Plaintiff here alleges no facts suggesting personal bias or prejudice. He hasn't submitted an affidavit as required by 28 U.S.C. § 144. And, even if the judge assigned to the case lives near a potential witness, that doesn't qualify as an "outward manifestation[]" of bias. *Id.* No reasonable person could infer bias or prejudice based solely on the court's alleged proximity to a witness. The court thus denies plaintiff's Motion to Disqualify (Doc. 27).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge Kenneth G. Gale on July 7, 2023 (Doc. 24), is **ACCEPTED, ADOPTED, and AFFIRMED.** The court dismisses this action.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion to Disqualify (Doc. 27) is denied.

**IT IS SO ORDERED.**

**Dated this 14th day of September, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**