IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TC HULETT, JR.,

    **Plaintiff,**

v.

    Case No. 22-4065-DDC-BGS

JOHNSON COUNTY SHERIFF'S
OFFICE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] plaintiff TC Hulett Jr.'s Objections to the Magistrate Judge's Proposed Findings and Recommendation (Doc. 33) filed on October 9, 2023. Plaintiff's filing is an untimely objection to United States Magistrate Judge Kenneth G. Gale's Report and Recommendation for Dismissal (Doc. 24) issued on July 7, 2023. The court accepted, adopted, and affirmed Judge Gale's Report and Recommendation on September 14, 2023, in a Memorandum and Order (Doc. 29), dismissing plaintiff's Complaint (Doc. 1) without prejudice. Because it is untimely, the court need not address plaintiff's objection, but elects to do so, nonetheless. The court concludes that plaintiff's objection doesn't address the specific reasons for dismissal identified by Judge Gale and so it doesn't provide the court with a basis to reject the recommendation.

Instead of treating Mr. Hulett's filing as an objection, the court could construe his filing as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). But the court concludes that

---

[1]    Plaintiff proceeds pro se. The court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

the objection establishes neither the excusable neglect nor the extraordinary circumstances that would justify relief from judgment. So, the court denies this objection, if construed in that fashion, as well.

## I.     Background

Plaintiff claims that defendants deprived him of his rights by false arrest, inadequate medical care of an inmate, and use of excessive force. Doc. 1 at 3, 10. The court dismissed this case on February 6, 2023, because plaintiff failed to provide his address in response to the court's Order to Show Cause (Doc. 8). Doc. 12. Two days later, plaintiff requested the court reopen the case (Doc. 13). The court construed plaintiff's request as a Motion for Relief from Judgment under Rule 60(b) and granted it because of plaintiff's extraordinary circumstances, including a recent injury, homelessness, and difficulty receiving court communications. Doc. 14. But the court also set two deadlines for plaintiff to meet—one to provide the court with his current mailing address and one to prepare summons for the Clerk to serve on defendants—and threatened dismissal for plaintiff's failure to comply. *Id.* at 5. Plaintiff didn't comply with either one.

So, on July 7, 2023, Magistrate Judge Gale recommended the court dismiss plaintiff's Complaint for failure to prosecute the case and comply with court orders. Doc. 24 at 1. Judge Gale's Report and Recommendation also ordered the Clerk to send a copy to plaintiff by certified mail and informed plaintiff of the 14-day window after service to file any objections. *Id.* at 4. Plaintiff didn't file any objections during that 14-day window. Yet on August 22, 2023, plaintiff filed a Motion to Disqualify Judges (Doc. 27). On September 14, 2023, the court adopted Judge Gale's Report and Recommendation and dismissed the case without prejudice (Doc. 29). After that had occurred, plaintiff filed a Motion for a Statement of Decision (Doc.

2

31), followed by this Memorandum and Order's focus: Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendation (Doc. 33).

The court addresses plaintiff's objection by: *first*, establishing it as untimely; *second*, analyzing its merits, nonetheless; and *third*, evaluating it as a Rule 60(b) motion.

## II.  Plaintiff's Objection is Untimely

The court need not address plaintiff's objection because it is untimely. According to Fed. R. Civ. P. 72(b)(2) and D. Kan. Rule 72.1.4(b), a party must object to a magistrate judge's recommended disposition within 14 days after service of a copy. Judge Gale's Report and Recommendation ordered the Clerk to mail a copy to plaintiff by certified mail. Doc. 24 at 4. The Report and Recommendation also informed plaintiff of the 14-day deadline for objections. *Id.* The Clerk mailed the Report and Recommendation by certified mail on July 7, 2023. Fed. R. Civ. P. 5(b)(2)(C) (allowing service to be accomplished by "mailing to the person's last known address—in which event service is completed upon mailing"). Plaintiff didn't object until October 9, 2023. So, plaintiff's objection is untimely. But, even if the court excused plaintiff's failure to file on time, plaintiff's objection still falls short on its merits.

## III.  Plaintiff's Objection Doesn't Address the Determinative Issues

Plaintiff's objection falls short because it doesn't address the specific issues that led Judge Gale to recommend dismissal. In *Apodaca v. Corizon Health Care*, the district court refused to excuse the untimeliness of the plaintiff's objections to a magistrate judge's Report and Recommendation, and the Tenth Circuit affirmed. 752 F. App'x 551, 553 (10th Cir. 2018). The district court in *Apodaca* concluded that excusing untimeliness wouldn't provide any "meaningful benefit" because the plaintiff's objections "failed to identify specific errors in the magistrate judge's Report and Recommendation." *Id.* "Objections to the magistrate's report

3

must be specific enough to focus the district court's attention on the factual and legal issues in dispute." *Adargo v. U.S. Parole Comm'n*, 26 F. App'x 795, 797 (10th Cir. 2001).

The same lack of meaningful benefit applies here. Judge Gale recommended dismissal because plaintiff was "completely unresponsive to the Court's directives" and "repeatedly failed to comply with the Court's Orders" to the extent that plaintiff's "failure to respond . . . interfered with the judicial process and prejudiced the Defendants." Doc. 24 at 4. This court agreed with Judge Gale's conclusion. Doc. 29 at 4. Nothing in plaintiff's objection addresses this unresponsiveness and failure to comply—the specific issues in dispute. So, even if plaintiff had filed his objection timely, plaintiff's arguments wouldn't have altered this court's conclusion.

### IV.     Plaintiff's Objection as a Rule 60(b) Motion

Instead of treating plaintiff's filing as an untimely objection, the court, alternatively, could construe it as a Rule 60(b) Motion for Relief from Judgment. Under Fed. R. Civ. P. 60(b), "the court may relieve a party . . . from a final judgment" under six conditions, only two of which could apply here—60(b)(1) (which provides relief for "excusable neglect") and 60(b)(6) (which warrants relief for "any other reason that justifies" it). The excusable neglect factors under Rule 60(b)(1) include whether there is a "danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (internal quotations marks, citation, and brackets omitted). A court also may consider whether the neglect "was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)[.]" *Id.* at 857.

Rule 60(b)(6), on the other hand, is a catchall provision. *Gaddy v. Church of Jesus Christ of Latter-day Saints*, No. 2:19-CV-00554, 2023 WL 4763981, at *6 (D. Utah July 26, 2023). "Courts are instructed to grant relief under this provision only in 'extraordinary circumstances and only when such action is necessary to accomplish justice.'" *Id.* (quoting *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996)). And, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted).

Here, plaintiff's objection cites multiple personal difficulties including that he has limited resources, "is suffering from serious medical issues," and is "injured and can barely read." Doc. 33 at 2. While the court sympathizes with these hardships, plaintiff's failure to respond to the court's directives is not a "single unintentional incident" but is, instead, "a pattern." *Jennings*, 394 F.3d at 857. And Judge Gale already held, and this court adopted, that plaintiff's failure to respond has "prejudiced the Defendants." Doc. 24 at 4. So, while the court acknowledges and regrets plaintiff's difficulties, it concludes that plaintiff's repeated lack of compliance is not excusable neglect warranting relief under Rule 60(b)(1).

Nor do plaintiff's circumstances warrant relief under Rule 60(b)(6). Plaintiff has benefited once already from Rule 60(b)(6) extraordinary relief. The court dismissed plaintiff's action on February 6, 2023, under Fed. R. Civ. P. 41(b), because plaintiff failed to comply with the court's Order to Show Cause (Doc. 8) and provide a contact address. Doc. 12. Plaintiff then requested the court reopen his case on February 8, 2023. Doc. 13. The court construed plaintiff's request to reopen his case as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) and granted the relief based on plaintiff's recent injuries, his difficulties receiving court

5

correspondence, and homelessness.  Doc. 14 at 4.  Five months passed between that grant of relief and Judge Gale's Report and Recommendation.  Given the significant passage of time, these extraordinary circumstances are less compelling as a basis for Rule 60(b)(6) relief now.  Plaintiff has had the opportunity to recover more fully from his injuries and to remedy his difficulties communicating with the court.  It is notable, for example, that plaintiff was able to file a Motion to Disqualify Judges on August 22, 2023.  This filing suggests plaintiff had the opportunity and ability to engage in his responsibilities in this case before the Memorandum and Order adopting Judge Gale's recommendation issued on September 14, 2023.  While the court is mindful that plaintiff is a pro se litigant, the Tenth Circuit requires pro se parties to play by the same procedural rules that govern other litigants.  And so, the court denies plaintiff's motion.

## V. Conclusion

The court evaluates plaintiff's objection, despite its untimeliness, and holds it doesn't meet the determinative issues identified in Judge Gale's Report and Recommendation.  So, even if not untimely, plaintiff's objection doesn't persuade the court to reject Judge Gale's recommendation.  And, even when the court construes plaintiff's objection as a Rule 60(b) Motion for Relief from Judgment, it holds the objection establishes neither excusable neglect nor extraordinary circumstances.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendations (Doc. 33) is overruled, and construed as a Motion for Relief from Judgment, is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 31st day of October, 2023, at Kansas City, Kansas.**

                                                              **s/ Daniel D. Crabtree**
                                                              **Daniel D. Crabtree**
                                                              **United States District Judge**