UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TC HULETT, JR,

    Plaintiff,

v.

JOHNSON COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Case No. 22-4065-DDC-BGS

## MEMORANDUM AND ORDER DENYING MOTION TO SEAL

Pro se[1] plaintiff TC Hulett, Jr. filed this lawsuit against the Johnson County Sheriff's Office, and others, asserting claims under 42 U.S.C. §§ 1981 and 1983, alleging false arrest, excessive force, and inadequate medical care of an inmate. Doc. 1. The case has since been dismissed. Doc. 29. Almost ten months after the case was dismissed, Plaintiff now files a motion to seal documents in the case to protect his "medical privacy." Doc. 38. For the reasons set forth herein, the motion is **DENIED**.

Generally, "[f]ederal courts have long recognized a common-law right of access to judicial records." *CST Indus. v. Tank Connection, LLC*, 2024 WL 492203, at *1 (D. Kan. Feb. 8, 2024) (citing *Callahan v. Unified Gov't of Wyandotte Cnty.*, No. 11-2621-KHV, 2013 WL 3287060, at *1 (D. Kan. June 28, 2013) (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). "This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest." *Id.* (citing *Callahan*, 2013 WL 3287060, at *1) (citations omitted)). This right of

---

[1] The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

1

access, however, "is not absolute." *Id.* A court has discretion to seal documents "if competing interests outweigh the public's right of access." *Id.* "The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption." *Id.*

Plaintiff argues that there is a "need to protect his medical privacy." Doc. 38, at 1-2. Plaintiff also provides citations to various cases, where he appears to suggest that denial of the motion may result in a due process violation. The Court does not agree. He provides no further argument and provides no further explanation in support of his motion. This Court has rejected similar arguments where a motion to seal was devoid of relevant facts. *See Robinson v. Holmes*, No. 21-2602-DDC-TJJ, 2022 WL 17569954, at *1-2 (D. Kan. Nov. 1, 2022) (rejecting argument that entire case should be sealed because plaintiff failed to allege anything of substance). Plaintiff has failed to meet his burden of showing that some significant interest warrants sealing his entire case in light of the presumption of public access to documents. His reference to "medical privacy" amounts to a conclusory assertion and does not justify sealing all documents in the case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal, Doc. 38, is **DENIED**.

**IT IS SO ORDERED.**

Dated July 16, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge